T. B. SHEPHERD v. R. L. TAYLOR ET AL.

(Filed 24 May, 1915.)

**1. Contracts—Commissions—Deeds and Conveyances—Probate—Seals—Evidence.**

In an action to recover commissions for obtaining title to a certain copper mine, wherein the defendant denies the agreement and refuses to accept the conveyance, it is competent for the plaintiff to put in evidence the deed to show performance on his part, though the required seal of the probate officer had not been attached, this being confined to the purpose for which it was admitted, and not as evidence of title; it being permissible for the seal of the officer to be affixed upon defendant's accepting the deed.

**2. Trials—Evidence—Impeachment.**

*Held*, in this case, testimony of a certain witness was admissible for the purposes of impeachment.

APPEAL by defendant from *Webb, J.*, at August Term, 1914, of MACON.

Action to recover the sum of $2,500, alleged to be due for services in procuring options or other contracts under which the defendants would be able to obtain the title to the Angel Copper Mine.

The defendants denied the contract as alleged by the plaintiff.

There was a verdict and judgment for the plaintiff, and the defendants appealed.

*T. J. Johnston, H. G. Robertson, J. Frank Ray, and M. Silver for plaintiff.*

*G. F. James and J. Scroop Styles for defendants.*

PER CURIAM. The controversy between the plaintiff and the defendants is one of fact as to the terms of the contract, which has been settled by the jury in favor of the plaintiff, and we find no error committed upon the trial.

Three exceptions taken by the defendants, one being raised by an objection to evidence and two by prayers for instructions, are to the

validity of the deed which was tendered to the defendants for the copper mine, on account of the fact that the notary public before whom the proof as to the execution of the deed was made failed to affix his notarial seal.

The deed was not offered as a link in a chain of title, but as evidence that the plaintiff had performed his contract; nor did the defendants refuse to accept it because of the absence of the seal, but upon the ground that they had not entered into a contract which compelled them to pay the plaintiff for his services.

The execution of the deed was not denied, and as the action was not one to recover land, the seal could have been affixed at any time if the defendants had agreed to accept it.

The plaintiff offered evidence fully sustaining the allegations in his complaint, and the motion for judgment of nonsuit could not therefore have been allowed.

The questions asked the witness Taylor, upon his examination, were competent as impeaching, and his Honor only admitted the evidence for that purpose.

No error.